```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Paul Dixon d/b/a 7-Eleven 32996B

   v.                                        Civil No. 13-cv-181-JD

7-Eleven, Inc.

**O R D E R**

On July 3, 2013, a preliminary pretrial conference was held in this case. Attorney Stanley A. Martin appeared for defendant, 7-Eleven, Inc. Attorney Stephen W. Wight appeared for plaintiff, Paul Dixon, who attended the conference.

At the conference, the court discussed the parties' proposed discovery plan (doc. no. 19) and approved it, subject to certain modifications detailed below. Additionally, the court ordered plaintiff to file an amended complaint on or before July 13, 2013.

With respect to the discovery plan, the court adjusted several of the proposed deadlines as reflected in the chart below. The parties concurred with respect to each of the amendments.

| **Type of Trial** | Bench |
|---|---|
| **Trial Estimate (number of days)** | Four days |
| **Track Assignment** | Standard - 12 mos. |

| | |
|---|---|
| **Joinder of Additional Parties** | Plaintiff: July 31, 2013<br>Defendant: August 15, 2013 |
| **Mandatory Disclosures (Fed. R. Civ. P. 26(a)(1))** | July 31, 2013 |
| **Third-Party Actions** | August 15, 2013 |
| **Amendment of Pleadings** | Plaintiff: August 31, 2013<br>Defendant: September 30, 2013 |
| **Demand** | September 4, 2013 |
| **Offer** | September 11, 2013 |
| **Electronic Disclosures** | September 30, 2013 |
| **Motions to Dismiss** | September 30, 2013 |
| **Completion of Discovery** | November 30, 2013 |
| **Interrogatories** | A maximum of 30 interrogatories by each party to any other party. |
| **Requests for Admission** | A maximum of 30 requests by each party to any other party. |
| **Depositions** | A maximum number of 4 depositions by each party. |
| **Experts and Experts' Written Reports** | Plaintiff: December 31, 2013<br>Defendant: January 31, 2014 |
| • **Supplementation under Rule 26(a)** | Plaintiff: February 28, 2014<br>Defendant: March 28, 2014 |
| **Motions for Summary Judgment** | February 18, 2014 |
| **Challenges to Expert Testimony** | March 31, 2014 |
| **Joint Statement re Mediation** | April 30, 2014 |
| **Trial Date** | June 17, 2014 |

With respect to electronic discovery, the court orders the parties to file a supplement to the scheduling order because their statement regarding electronic discovery is inadequate. Rule 26(f)(3)(C) requires that a plan "must" include the parties' views on electronic discovery "including the form or

forms in which it should be produced . . . ." The parties' proposed discovery plan includes the following statement: "The parties will discuss and attempt to agree on appropriate format and scope of electronic information to be sought and/or disclosed . . . ." The parties conceded that more is required under the rule.

Accordingly, the parties are ordered to meet and confer and file, on or before July 31, 2013, a joint motion to supplement the discovery plan that outlines more specifically their plans/agreements with respect to electronic discovery. The court refers the parties to the following outline of potential issues to discuss:

   A. Preservation. Counsel should attempt to agree on steps the parties will take to segregate and preserve ESI in order to avoid accusations of spoliation.

   B. E-mail Information. Counsel should attempt to agree on the scope of e-mail discovery and e-mail search protocol.

   C. Back-up and Archival Data. Counsel should attempt to agree on whether responsive back-up and archival data exists, the extent to which back-up and archival data is reasonably accessible, and who will bear the cost of obtaining such data.

   D. Format and Media. Counsel should attempt to agree on the format and media to be used in the production of ESI, and whether production of some or all ESI in paper form is agreeable in lieu of production in electronic format.

   E. Reasonably Accessible Information and Costs. Counsel should attempt to determine if any responsive ESI is not reasonably accessible, i.e., is accessible only by incurring undue burdens or costs.

> F. Privileged or Trial Preparation Materials. Counsel also should attempt to reach agreement regarding what will happen in the event privileged or trial preparation materials are inadvertently disclosed.  <u>See</u> Fed. R. Evid. 502.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

July 3, 2013

cc: Stanley A. Martin, Esq.
    Susan V. Metcalfe, Esq.
    Stephen W. Wight, Esq.